1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HASSAN T. ALI,                          )
                                        )
                    Plaintiff,          )        CASE NO.  C06-1798RSM
                                        )
          v.                            )        MEMORANDUM OPINION
                                        )
MICHAEL J. ASTRUE,                      )
Commissioner of Social Security,        )
                                        )
                    Defendant.          )
_____)

Plaintiff Hassan T. Ali appeals to the District Court from a final decision of the

Commissioner of the Social Security Administration (the "Commissioner") denying his application

for Supplemental Security Income benefits under Title XVI of the Social Security Act.  For the

reasons set forth below, the Commissioner's decision is REVERSED and REMANDED for

further proceedings.

I.  PROCEDURAL HISTORY

Plaintiff filed an application for Supplemental Security Income ("SSI") benefits on

November 2, 2004.  Tr. 58-63.  Plaintiff alleged that he became unable to work on June 15, 1998

due to back problems, joint problems, hepatitis and depression.  Tr. 58.  His application for

benefits was denied initially (Tr.36-38) and on reconsideration (Tr.40-41).  On Plaintiff's timely

request, an initial hearing was held on March 29, 2006, before Administrative Law Judge ("ALJ")

Verell Dethloff.  Tr. 309-331.  Plaintiff appeared at the hearing and was represented by counsel.

Tr.312-325.  Plaintiff's wife also testified at the proceedings.  Tr. 326-331.  The ALJ issued a

MEMORANDUM OPINION
Page - 1

1  decision on May 22, 2006, finding that Plaintiff was not disabled at any time through the date of

2  the decision and thus, not eligible for SSI payments. Tr.18-29. The Appeals Council denied

3  Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner.

4  Tr.4-7. Plaintiff timely filed his appeal with this Court.

5  ## II. THE PARTIES' POSITIONS

6  Plaintiff requests that the Court reverse the Commissioner's decision and remand for

7  award of benefits. Plaintiff argues that the ALJ erred by: (1) failing to consider Plaintiff's severe

8  central spinal stenosis as a severe impairment; (2) failing to find that Plaintiff's severe impairments

9  met or equaled a listing; (3) improperly concluded that Plaintiff is capable of performing his past

10  relevant work as a counselor; and (4) failing to give proper weight to the opinions of Dr. Peng

11  and Dr. Early. Defendant responds that the Court should affirm the Commissioner's final decision

12  because it is supported by substantial evidence and is free of legal error.

13  ## III. STANDARD OF REVIEW

14  The court may set aside the Commissioner's denial of social security disability benefits

15  when the ALJ's findings are based on legal error or not supported by substantial evidence in the

16  record as a whole. *Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence is

17  defined as more than a mere scintilla but less than a preponderance; it is such relevant evidence as

18  a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881

19  F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving

20  conflicts in medical testimony, and for resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035,

21  1039 (9th Cir. 1995). Where the evidence is susceptible to more than one rational interpretation,

22  it is the Commissioner's conclusion which must be upheld. *Sample v. Schweiker*, 694 F.2d 639,

23  642 (9th Cir. 1982).

24

25  ## IV. EVALUATING DISABILITY

26

MEMORANDUM OPINION
Page - 2

The claimant bears the burden of proving that he is disabled.  *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  Disability is defined as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment, which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months.  42 U.S.C. § 423 (d)(1)(A).

The Social Security regulations set out a five-step sequential evaluation process for determining whether claimant is disabled within the meaning of the Social Security Act.  *See* 20 C.F.R. § 416.1520.  At step one, the claimant must establish that he or she is not engaging in any substantial gainful activity.  20 C.F.R. §§ 404.1520(b), 416.920(b).  At step two, the claimant must establish that he or she has one or more medically determinable severe impairments or combination of impairments.  If the claimant does not have a "severe" impairment, he or she is not disabled.  *Id.* at § (c).  At step three, the Commissioner will determine whether the claimant's impairment meets or equals any of the listed impairments described in the regulations.  A claimant who meets one of the listings is disabled.  *Id.* at § (d).

At step four, if the claimant's impairment neither meets nor equals one of the impairments listed in the regulations, the Commissioner evaluates the claimant's residual functional capacity and the physical and mental demands of the claimant's past relevant work.  *Id.* at § (e).  If the claimant is not able to perform his or her past relevant work, the burden shifts to the Commissioner at step five to show that the claimant can perform some other work that exists in significant numbers in the national economy, taking into consideration the claimant's residual functional capacity, age, education, and work experience.  *Id.* at § (f); *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999).  If the Commissioner finds the claimant is unable to perform other work, then the claimant is found disabled.

## V.  SUMMARY OF THE RECORD EVIDENCE

MEMORANDUM OPINION
Page - 3

1    Plaintiff was 55 years old at the time of his initial hearing before the ALJ.  He has

2    graduated from Junior College with an AA.  Tr. 313.   Plaintiff's prior work experience included

3    work as a counselor at a psychiatric halfway house.  *Id.*  Plaintiff indicates that his illnesses or

4    conditions began in June 1998, which is when he stopped working. *Id.*  Plaintiff claims that he

5    cannot perform his job as a counselor because he has severe pains sitting down for long hours and

6    he is unable to constrain clients if they become aggressive.  Tr. 73.  Other evidence relevant to

7    Plaintiff's allegations is incorporated into the discussion below.

8                                    VI.  THE ALJ'S DECISION

9    At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity

10   since the alleged onset of his disability.  Tr.20.  At step two, he found that Plaintiff has the

11   following severe impairments: lumbar spine degenerative disc disease and hepatitis C.  *Id.*  Noting

12   that these impairments gave the Plaintiff more than minimal functional limits, the ALJ concluded

13   that they are not medically determinable impairments.  *Id.*  The ALJ further noted that Plaintiff has

14   non-severe depression that cause him no impairments in "B" or "C" criteria.  *Id.*  At step three, he

15   determined that Plaintiff has no impairment, either singly or in combination, which meets or equals

16   the criteria of any listing in 20 CFR Part 404, Subpart P, Appendix 1. *Id.*

17   The ALJ found that the Plaintiff retains the residual functional capacity to lift and carry 20

18   pounds occasionally and 10 pounds frequently, and he also found that Plaintiff can stand or walk

19   for six hours in an eight-hour workday;  sit for six hours in an eight-hour day, and do unlimited

20   pushing and pulling.  Tr. 21.  The ALJ further found that though Plaintiff cannot climb ladders,

21   ropes, or scaffolds, he can occasionally climb ramps and stairs, and that Plaintiff can occasionally

22   balance, stoop, kneel, crouch and crawl.  *Id.*   At step four, the ALJ found that Plaintiff is capable

23   of performing his past relevant work as a counselor.  Tr. 29.  Thus, he concluded that Plaintiff

24   was not disabled at any time through the date of the decision.  *Id.*

25                                       VII.  DISCUSSION

26

MEMORANDUM OPINION
Page - 4

A.    Plaintiff's Severe Impairments

Plaintiff argues that the ALJ erred in ignoring his lumbar spinal stenosis at step two of the disability determination and failing to include it as a severe impairment.  Defendant responds that the ALJ did consider Plaintiff's spinal stenosis during the step two determinations, but did not find the impairment to be severe.

A claimant's impairment is not severe if it does not significantly limit the claimant's physical or mental ability to do basic work activities.  20 C.F.R. §§ 404.1520(c), 404.1521(a). Basic work activities are the abilities and aptitudes necessary to do most jobs, including (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers and usual work situations; and (6) dealing with changes in a routine work setting.  *See* 20 C.F.R. §§ 404.1521, 416.921. To satisfy step two's requirement of a severe impairment, the claimant must prove the physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings.  *See* 20 C.F.R. §§ 404.1508, 416.908.  An impairment or combination of impairments can be found "not severe" only if the evidence establishes a slight abnormality that has "no more than a minimal effect on an individual's ability to work.  *Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988).

In the present case, the ALJ did not discuss the record relating to Plaintiff's spinal stenosis at step two of the disability determination.  Furthermore, he has not given any specific reasons for not considering it a severe impairment.

Plaintiff claims that there is substantial evidence on record that he suffers from severe spinal stenosis and that the stenosis is more than a slight abnormality.  An MRI, done on August 2, 2003, revealed that Plaintiff had severe degenerative changes to the lumbar spine with severe central canal stenosis at L3-L4 and L4-L5.  Tr. 143.  Further, Dr. Peng (Tr. 132) and Dr.

MEMORANDUM OPINION
Page - 5

Williams (Tr. 265) diagnosed Plaintiff with severe spinal stenosis. Dr. Williams opined that he was disabled from his janitorial job because of a combination of his spinal stenosis with other back problems. Tr. 265, 264. On May 3, 2005, Dr. Peng felt that Plaintiff's functioning had deteriorated severely due to his spinal stenosis and gave him a handicapped parking placard for permanent disability. Tr. 231. Thus, the record establishes that Plaintiff has suffered from spinal stenosis for more than twelve continuous months and that the spinal stenosis affected his ability to work.

Defendant argues that Plaintiff's spinal stenosis is related to his degenerative disc disease and that the ALJ did not consider spinal stenosis as a severe impairment because Plaintiff did not provide any evidence of how his spinal stenosis effects his ability to work differently than his degenerative disc disease. However, Plaintiff does not bear such a burden. In fact, at the step two inquiry, the ALJ has a duty to consider the combined effect of all the claimant's impairments on his or her ability to function, without regard to whether each alone was sufficiently severe. *Smolen v. Chater*, 80 F.3d 1273, 1289-90 (9th Cir. 1996); *see also* 42 U.S.C. § 423(d)(2)(B); 20 C.F.R. §§ 404.1523, 461.923. Thus, the ALJ erred in failing to consider Plaintiff's spinal stenosis as a severe impairment.

However, the ALJ's failure to list lumbar spinal stenosis as a severe impairment is not reversible error because the ALJ considered it under step three and four of the sequential analysis. *See Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005) (ALJ's error in failing to list obesity as a severe impairment is not reversible where he considered obesity in determining whether it equaled a listing and its effect on claimant's RFC). As discussed below, the ALJ did discuss whether Plaintiff's stenosis met a listing. Tr. 20. Further, the ALJ also considered the effect of severe spinal stenosis on his RFC. In discussing Plaintiff's RFC, the ALJ noted that an MRI revealed Plaintiff suffered from severe spinal stenosis (Tr. 23-24), that Dr. Peng and Dr. William diagnosed Plaintiff with severe spinal stenosis and that they found him disabled from a janitorial job. (Tr. 24).

MEMORANDUM OPINION
Page - 6

1

2      Based on the record, the ALJ adequately considered Plaintiff's lumbar stenosis in his

3  sequential analysis of Plaintiff's impairments.  Thus, although the ALJ erred in failing to consider

4  Plaintiff's lumbar stenosis as a severe impairment, it is harmless error.

5      B. Step Three Determination

6      Plaintiff argues that the ALJ failed to consider whether the combination of Plaintiff's

7  impairments equaled a listing and that the ALJ did not consider whether his lumbar spinal stenosis

8  met a listing.

9      If a claimant suffers from multiple impairments and none of them individually meet or

10  equal a listed impairment, the collective symptoms, signs, and laboratory findings of all the

11  claimant's impairments will be evaluated to determine whether they meet or equal the

12  characteristic of any relevant listed impairment.  *See Marcia v. Sullivan*, 900 F.2d 172, 176 (9th

13  Cir. 1990).  However, the "ALJ is not required to discuss the combined effects of a claimant's

14  impairments or compare them to any listing in an equivalency determination, unless the claimant

15  presents evidence in an effort to establish equivalence." *Burch v. Barnhart*, 400 F.3d 676, 683 (9th

16  Cir. 2005) *citing Lewis v. Apfel*, 236 F.3d 503, 514 (9th Cir. 2001).  The claimant has the burden

17  of proving that he or she has an impairment that meets or equals the criteria of an impairment

18  listed in Appendix 1 of the Commissioner's regulations.  *Id*.  Further, a finding of equivalence

19  should be based on medical evidence only.  *Lewis v. Apfel,* 236 F.3d 503, 514; 20 C.F.R.§

20  404.1529 (d)(3).

21      In the present case, the ALJ discussed whether each of plaintiff's impairments met a

22  listing, and not whether the combination of Plaintiff's impairments meets or equals a listing.

23          The Claimant does not have an impairment or combination of impairments that meets or
           medically equals one of the listed impairments  . . .

24

25          Claimant does not have a spine root disorder that gives him nerve root compression with
           motor loss.  He has some weakness but his subjective claims are not given much weight.
           He does not have spinal arachnoiditis or lumbar spinal stenosis that results in

26

MEMORANDUM OPINION
Page - 7

pseudoclaudication.  His hepatitis C gives him only mild limits.
Tr. 20.

However, Plaintiff has not specified which listing he believes the combination of his impairments meets or equals.  Further, he has not set forth any evidence which would support a diagnosis and findings of a listed impairment.  Plaintiff's only evidence regarding the effects of his hepatitis are his subjective claims of fatigue.  *See Lewis v. Apfel,* 236 F.3d 503, 514  (deciding that the ALJ did not err in concluding that plaintiff's condition did not equal a listing where plaintiff did not point to any evidence to that end).  Thus, the ALJ did not err in concluding that Plaintiff's condition does not equal a listed impairment.

Further,  the ALJ has considered Plaintiff's lumbar spinal stenosis at the third step of the disability determination.  The ALJ concluded that Plaintiff's lumbar stenosis does not cause pseudoclaudication.  Tr. 20.  Pseudoclaudication is listed as a symptom of spinal stenosis under Appendix 1, Subpart P, 1.04.  It is manifested as pain and weakness, and may impair ambulation. 20 C.F.R. Part 404, Appendix 1, Subpart P, 1.04. Plaintiff has not produced any medical record that exhibits this level of impairment.  Thus, the ALJ did not err in considering whether Plaintiff's lumbar stenosis met a criterion under the listing.

C.  Past Relevant work

Plaintiff argues that ALJ erred in determining that he has the RFC to perform his past relevant work as a counselor.  He assigns three specific errors (1) the ALJ did not determine whether Plaintiff retains the capacity to perform the functional demands and job duties either peculiar to Mr. Ali's job or as ordinarily required by employers throughout the national economy, (2) the ALJ failed to determine whether Plaintiff could work on a sustained basis, and (3) the ALJ erred in finding Plaintiff's statements regarding the limitations of his symptoms not entirely credible.  Thus, the Plaintiff claims that ALJ failed to properly consider the effect of Plaintiff's subjective symptoms on his RFC and, consequentially, his ability to do past relevant work.

1. Past Relevant Work

MEMORANDUM OPINION
Page - 8

Plaintiff argues that the ALJ erred in failing to consider the functional demands of Plaintiff's job as a counselor either as peculiar to his job or as ordinarily required throughout the national economy. Step Four of the sequential evaluation consists of three phases. *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996). First, the ALJ must evaluate claimant's RFC. *Id*. Second, he must determine the physical and mental demands of claimant's past relevant work. *Id*. Third, he must evaluate whether claimant has the capacity to perform the job as described in phase two, despite the limitations recognized in phase one. *Id*.

In the present case, the ALJ determined that the Plaintiff is capable of performing his past relevant work as a counselor because it did not require performance of work-related activities precluded by his RFC. Tr. 29. In making this determination, The ALJ gave great weight to the state vocational expert's report that Plaintiff could return to his work as a counselor as he actually performed it in the past. *Id*.

The ALJ did not carry out his own evaluation of the functional demands and job duties of the Plaintiff's past relevant work. Further, he did not ask the Plaintiff about the functional demands of his job at the hearing. The ALJ simply delegated his function at Step Four to the Disability Adjudicator and quoted the latter's determination. "When an ALJ makes findings only about the claimant's limitations and the remainder of the step four assessment takes place in the [vocational expert's] head, we are left with nothing to review." *Pinto v. Massarani*, 249 F.3d 840, 847 (9th Cir. 2001). Because the ALJ has made very few findings of fact and delegated his duty to the vocational expert, it is impossible to review his step four decision. Thus, this court remands this issue and directs the ALJ to make specific findings regarding the functional demands of the Plaintiff's past relevant work either as actually performed by him or as generally performed in the economy. Furthermore, the ALJ should explain how the Plaintiff's determined RFC would allow him to perform his past relevant work.

2. Sustained Basis

Plaintiff argues that the ALJ erred in failing to consider his ability to work on a sustained basis. Ordinarily, RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work related setting on a regular and continuing basis. Social Security Ruling 96-8p (S.S. A. 1996). A regular and continuing basis means 8 hours a day, for 5 days a week, *or an equivalent work schedule. Id*

In the present case, Plaintiff's alleged work schedule of 10 hours per day for 4 days a week, is equivalent to 8 hours a day, 5 days a week. Plaintiff does not point to any records that suggest that he is not capable of working on a sustained basis. Thus, the ALJ did not err in determining that Plaintiff can work on a sustained basis.

3. Credibility

Plaintiff argues that ALJ erred by finding his statements regarding the limitations of his work symptoms not entirely credible. If a claimant has established an underlying impairment which reasonably could be expected to produce the alleged subjective complaints and there is no evidence of malingering, the ALJ must provide clear and convincing reasons for rejecting the claimant's testimony. *See Smolen v. Charter*, 80 F.3d 1273, 1281 (9th Cir. 1996). General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints. *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993); *Varney v. Sec'y of Health and Human servs.*, 846 F.2d 581, 584 (9th Cir. 1988) (Varney I). In assessing credibility, the ALJ may consider, for example: 1) ordinary techniques of credibility evaluations, such as the claimant's reputation for lying and prior inconsistent statements concerning the symptoms; 2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; 3) the claimant's daily activities; and 4) medical evidence tending to discount the severity of subjective claims. *Rollins v. Massarani*, 261 F.3d 853, 856-57 (9th Cir. 2001).

MEMORANDUM OPINION
Page - 10

In the present case, the ALJ found that Plaintiff's allegations regarding his limitations are not totally credible.  Tr. 21, 29.  The ALJ identified a number of reasons  for discrediting Plaintiff's claim of total disability: (1) large gaps in medical record from 1997-2001, and no event around June 1998 that correlates with the onset of Plaintiff's claimed total disability (Tr. 20), (2) Plaintiff's subjective reports that he was feeling healthy during the period of his claimed total disability (Tr. 22,23), (3) mild objective findings, consisting of a negative colonoscopy result and Dr. Rosoff's findings that Plaintiff has mild Hepatitis C without significant bridging fibrosis (Tr. 23) (4) reports of activity inconsistent with claimed total disability such as walking, shooting baskets and working outside (Tr. 23, 25); (5) record of Plaintiff having worked off the clock during the period of disability as a janitor and running his own shirt screening business (Tr. 26), and (6) increase in plaintiff's subjective claims of pain nearing his DLI, which were unsupported by objective findings (Tr. 25).

Plaintiff argues that the ALJ erred in citing the gaps in his medical record as a reason to doubt his credibility because he did not consider Plaintiff's explanation for not seeking regular medical treatment. Plaintiff claims that his reasons for not seeking regular treatment are sufficiently documented in the record, such as, his fear of epidural injections due to his past experiences with spinal taps (Tr. 128; 313-314), his concerns with surgery were heightened when the physician who performed his MRI told him that more people come out worse (Tr. 320) and the fact that Neurontin prescribed by Dr. Williams made him sick and suicidal( Tr. 128 314). However, these facts explain Plaintiff's failure to take the treatment prescribed after 2001, and not his failure to seek any medication or treatment from 1998-2001, specially when Plaintiff claims that his disability started from June 1998.  Moreover, Plaintiff's wife's claim that Plaintiff did not like to visit doctors and has to be pushed to visit doctors is neither legitimate nor supported by record.  In Plaintiff's medical records, Dr. Peng cites Plaintiff being too healthy as the reason for not visiting doctors before 2001. Tr. 140.

Plaintiff argues that the ALJ should have obtained additional evidence to resolve the discrepancy in his work history before assessing his credibility negatively on that basis.  Plaintiff also claims that the ALJ should have asked him about the conflict in evidence during the hearing. In light of the fact that this court is remanding this matter for further proceedings Plaintiff will have his opportunity to further develop the record as he sees fit.

D. Opinions of Treating and Examining Doctors

Plaintiff argues that the ALJ erred in failing to give proper weight to the opinion of his treating doctor, Dr. Peng, and that the Commissioner erred in rejecting the opinion of his examining physician, Dr. Early.   When rejecting the uncontradicted opinion of a treating or examining physician, the Commissioner must provide "clear and convincing" reasons for doing so. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996)(citations omitted).  If the treating or examining physician's opinion is contradicted, then the Commissioner must provide specific and legitimate reasons that are supported by substantial evidence in the record when rejecting this opinion.  *Id.* at 830-31.

1. Dr. Peng's Disability Opinion

Dr. Peng has been treating Plaintiff since May 2001, for lower back pains, hypertension, shoulder impingement, and Hepatitis C.  On March 10, 2006, he wrote a letter stating that on his last visit with the Plaintiff in May 2005, he had found the Plaintiff to be so severely disabled that he gave him a handicapped parking placard for permanent disability.  Tr. 270.  He further opined that Plaintiff would not be able to return to any gainful employment, unless he opts for surgery. *Id.*  Dr. Peng also wrote that Plaintiff could be considered for sedentary work, but that prolonged sitting would not alleviate his pain, and any medications he would take for pain would impair his concentration and judgment.  *Id.*  On March 24, 2006, Dr. Peng wrote an addendum to the letter stating his opinion that Mr. Ali has been disabled since December 31, 2003. Tr. 271.  Dr. Peng's opinion is contradicted by that of state agency medical consultant Thomas Fleming, M.D., who

1   assessed that claimant could do light work with non-exertional limits.  Tr. 207.

2       The ALJ gives zero weight to Dr. Peng's accommodating backdating of his endorsement

3   of disability because it seems to be solicited by Plaintiff's counsel.  Tr. 27.  The ALJ notes that

4   Dr. Peng needed prompting by Plaintiff's counsel to provide a note that claimant was disabled

5   since December 2003, since his original note stated that claimant could do sedentary work.  *Id*.

6   "We have held the source of a referral to be relevant where there is no objective medical basis for

7   the opinion, *Bukhart v. Bowen*, 856 F.2d 1335, 1339 (9th Cir. 1988), and where there is evidence

8   of "actual improprieties" on the part of the doctor whose report the ALJ chooses to reject.

9   *Saelee v. Chater*, 94 F.3d 520, 523 (9th Cir.1996)."  *Nguyen v. Chater*, 100 F.3d 1462, 1464

10  (9th Cir. 1996).

11      In the present case, there is no objective basis for Dr. Peng's accommodating backdating

12  of Plaintiff's onset of disability to December 2003.  Dr. Peng examined Plaintiff on December 15,

13  2003 and did not discuss any signs of disability.  Tr. 128.  In fact, Dr. Peng found that plaintiff

14  was a well-appearing man in no acute distress who continued mildly uncomfortable.  *Id*.  Dr.

15  Peng claims that his backdating of plaintiff's disability is based on Dr. William's report that

16  Plaintiff's symptoms had accelerated since January 1, 2004.  Tr. 270.  However, Dr. Williams did

17  not make any such finding.  In fact, after examining the Plaintiff on November 15, 2004, Dr.

18  Williams found no objective basis for Plaintiff's claims of increased pain since August 2003.  *Id*.

19      The ALJ further noted that Dr. Peng's ongoing treatment notes do not indicate any

20  objective reasons for disability, and his opinion is not consistent with claimant's ongoing activities

21  which may have included running a shirt screening business.  Tr. 27.  Dr. Peng's opinion that the

22  Plaintiff is permanently disabled is based on his observations on May 3, 2005.  Tr. 270.  On that

23  visit, Dr. Peng had found that Plaintiff's symptoms had become so severe as to make him

24  permanently disabled.  Tr. 231.  However, Dr. Peng's notes for that visit do not indicate any

25  objective basis for the opinion.  He did not carry out any tests that indicate that the plaintiff was

26

MEMORANDUM OPINION
Page - 13

permanently disabled.  In fact, his opinion about Plaintiff's disability is based on Plaintiff's own subjective claims of pain and weakness, which have been properly rejected by the ALJ.  The opinion of a physician that is premised to a large extent upon the claimant's own accounts of his symptoms and limitations may be disregarded when those complaints have been properly discounted.  *Morgan v. Commissioner of the Soc. Sec. Admin.*, 169 F.3d 595, 601 (9th Cir. 1999).  Moreover, even though Dr. Peng has noted that Plaintiff's condition is worsening over the years of his treatment (2001-2005), he has never before concluded that the Plaintiff was disabled from all kinds of work.   Thus, this court finds that the ALJ has given specific and legitimate reasons supported by the  record, for discounting Dr. Peng's disability opinion.

B. Dr. Early's opinion

Plaintiff submitted Dr. Early's report to the Appeals Council after the ALJ's decision. Dr. Early reviewed the Plaintiff's medical records, conducted Psychometrics and a mental status exam and diagnosed the Plaintiff with depression, anxiety and personality disorder.  Tr. 299-305. Dr. Early concluded that Plaintiff met the criterion for 12.04 (affective disorders), 12.06 (anxiety related disorders) and 12.08 (Personality disorders) of the listings and should be found disabled. Tr. 305.  The new evidence was made part of the record; however, the Appeals Council determined that it did not provide a basis for reversing the ALJ's decision.  Tr. 5-6. However, since this matter is being remanded for further proceedings Plaintiff is free to submit Dr. Early's report to the ALJ for consideration.

VIII.    CONCLUSION

Based on the foregoing discussion, the Court REVERSE'S and REMANDS this matter for further proceedings consistent with this opinion.

DATED this 31 day of March 2008.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

MEMORANDUM OPINION
Page - 14